```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION

SOLUTIONS AND SPECIALIZED       §
INNOVATIONS, LTD.,              §
                                §
     Plaintiff,                 §
                                §
v.                              §     CIVIL ACTION NO. H-07-2355
                                §
SIX FLAGS, INC.,                §
                                §
     Defendant.                 §
```

## MEMORANDUM AND ORDER

Pending are Six Flags, Inc.'s Motion for Summary Judgment (Document No. 33), and Motion to Strike the Declaration of Denice Smith (Document No. 45). After having considered the motions, response, replies, and the applicable law, the Court concludes that the Motion for Summary Judgment should be denied.[1]

Schlumberger Technology Corp. v. Swanson, 959 S.W.2d 171 (Tex. 1997), carved out an exception to the general rule in Texas that a party cannot avoid fraud claims based on the existence of a merger clause in a related contract. The Fifth Circuit in General Retail Services, Inc. v. Wireless Toyz Franchise, LLC, observed that while Schlumberger "was limited to releases, subsequent courts, including

---

[1] Defendant objects to paragraphs 3, 4, 5, 6, 8, and 11 of the Declaration of Denise Smith on evidentiary grounds. *See* Document No. 45. Defendant's objections are GRANTED as to paragraphs 3, 5, and 11, which are STRICKEN for lack of personal knowledge, and the objections are otherwise DENIED. *See* Bolen v. Dengel, 340 F.3d 300, 313 (5th Cir. 2003).

this one, have held that merger clauses can also bar claims of fraud by negating the element of reliance." 255 F. App'x 775, 790 (2007) (citing, *e.g.*, U.S. Quest Ltd. v. Kimmons, 228 F.3d 399, 403 (5th Cir. 2000)). The Fifth Circuit also has concluded "that the merger clause itself does not have to explicitly mention or refer to prior representations, so long as the entire agreement as a whole indicates that there was a clear unequivocal disclaimer of reliance." Id. at 791 (citing Armstrong v. Am. Home Shield Corp., 333 F.3d 566, 571 (5th Cir. 2003)). It is arguable that the exception carved out in Schlumberger may be swallowing the rule itself.

Recently, however, the Texas Supreme Court in Forest Oil Corp. v. McAllen set out what it regards as the "most relevant" factors surrounding a contract's formation that demonstrate a clear and unequivocal expression of intent to disclaim reliance:

> (1) the terms of the contract were negotiated, rather than boilerplate, and during negotiations the parties specifically discussed the issue that has become the topic of the subsequent dispute; (2) the complaining party was represented by counsel; (3) the parties dealt with each other in an arm's length transaction; (4) the parties were knowledgeable in business matters; and (5) the release language was clear.

268 S.W.3d 51, 60, 2008 WL 3991058, at *5 (Tex. 2008). After careful consideration of the foregoing, numerous other authorities, and the contested evidence regarding some of Forest Oil's "most relevant factors," such as whether the parties specifically

discussed the issue that is now the topic of dispute and claimed by Defendant to have been disclaimed, whether Plaintiff was represented by counsel with respect to the negotiation of the merger clause, and the like, the Court is of the opinion that a well-founded judgment on this point must await the development of a full record at trial.  *Cf.*  Whitney Nat'l Bank v. Air Ambulance by B&C Flight Mgmt., Inc., 2007 WL 3145788 at *8 (S.D. Tex. 2007) (Rosenthal, J.) (emphasizing consideration of the totality of the circumstances surrounding the agreements in determining whether merger clauses barred a fraudulent inducement claim).  At this juncture Defendant has not established as a matter of law that it is entitled to summary judgment on Plaintiff's fraud claim based on the contract's merger clause.

Further, after having read the contract together with its incorporated exhibits, which provides among other things that Plaintiff's services include "provid[ing] employees or consultants . . . to perform services at the ten (10) parks owned by [Defendant], identified in Exhibit A, or as mutually agreed to in writing by [Plaintiff] and [Defendant]," that Plaintiff is to "deliver training to 10 parks between January and May of 2006," that Plaintiff is slated to provide "follow up and review training outcomes," and "will also conduct the [Plaintiff] Behavior Sampling Measurement process to gauge effectiveness of the parks guest service improvement processes," to be "conducted on 3 separate

dates at the 10 parks trained," and the like, the Court is unable to find as a matter of law that the contract unambiguously permitted Defendant to bring in hundreds of additional employees from *others* of its parks for training at the ten parks agreed to be trained and which were subsequently to be evaluated and audited for training outcomes and effectiveness of improvement processes. Defendant's arguments that Plaintiff ratified or waived any contractual provisions limiting the training to employees who worked at the ten parks are intrinsically factual in nature and genuine issues of material fact preclude summary judgment on those defenses.

For the foregoing reasons and because of the need for a full evidentiary record for the Court to rule on the legal questions raised, it is

ORDERED that Defendant's Motion for Summary Judgment (Document No. 33) is DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this <u>31st</u> day of December, 2008.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE